FILED

2017 OCT 17  PM 4: 09

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO,
### WESTERN DIVISION

| | |
|---|---|
| **Stephen Biggin**<br>3034 Frampton Dr.<br>Toledo, Ohio 43614, **et al,**<br><br>    Plaintiff(s),<br><br>v.<br><br>**The State of Ohio, Ohio Dept. of**<br>**Natural Resources,**<br>**The City of Oregon, Ohio Dept. of**<br>**Natural Resources,**<br>**Park Officer Jeremy Berger**<br>(Badge #216), in his individual and<br>and official capacity as an employee,<br>**The Lucas County Sheriff Dept,**<br>**Deputy Sheriff Gonia,** in his<br>individual and official capacity as<br>an employee,<br>**Maumee Bay State Park, et al.** | Case No.  **3:17 CV 2193**<br><br>Judge:  **JUDGE JAMES G. CARR**<br><br>**COMPLAINT WITH JURY**<br>**DEMAND ENDORSED THEREON**<br><br>**MAG. JUDGE JAMES R. KNEPP II**<br><br>Jaime L. Agnew, Esq. (0081919)<br>jaimeagnew21@gmail.com<br>AGNEW Law Office, LLC<br>1144 S. Detroit #140215<br>Toledo, Ohio 43614<br>Telephone:  (419) 944-0880<br><br><br>Attorney for Plaintiff Stephen Biggin |

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

1.  This is a civil rights action brought by Plaintiff, Stephen Biggin, to seek relief for the Defendants' violations of his rights arising out of an incident where plaintiff was arrested on private property situated within an Ohio State Park.  The arrest violated Mr. Biggin's rights under the First Amendment and Fourth Amendments to the United States Constitution as well as Ohio law and Ohio's Constitution through the Fourteenth Amendment.

## JURISDICTION

2.  This Court has jurisdiction over the federal claims in this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334.

3.  This Court has supplemental jurisdiction of plaintiff's claims under Ohio law based on 28 U.S.C. § 1367 in as much as the state law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

4.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, and/or by the command of a private entity, of rights secured by the United States Constitution.

## VENUE

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as all claims arise in the District, the Plaintiff resides in the District, and at least one of the Defendants resides in the District.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action on each and every one of the claims for relief.

## PARTIES

7.  Stephen Biggin, Plaintiff is a citizen of the United States and was, at all relevant times, a resident of the State of Ohio, Lucas County.

8.  Defendant, State of Ohio maintains an enforcement agency for Ohio's Parks via the State of Ohio Department of Natural Resources (ODNR), Division of Parks and Recreation.

9.  Defendant, City of Oregon, is a municipal corporation duly incorporated and authorized under the laws of the State of Ohio and through the establishment of the ODNR, to maintain a division of the ODNR and to act as its agent in the area of enforcement of those laws for which the City assumes the risk incidental to the maintenance of an enforcement office for ODNR and the employment of that division's rangers.

10.  Defendant Ranger Jeremy Berger, Badge number 216, is and/or was at all times relevant herein, an officer, employee, and agent of the ODNR. He is/was duly appointed and acting as a Ranger. Ranger Berger is sued in his individual and official capacities.

11.  Defendant, Lucas County Sheriff's Office, acting as the chief law enforcement office in Lucas County, maintain full police jurisdiction in all the municipalities, villages and townships within Lucas County, including the City of Oregon, Ohio.

12.  Defendant, Deputy Sheriff Gonia, is and/or was at all times relevant herein, an officer, employee, and agent of the Lucas County Sheriff. He is/was duly appointed and acting as a Deputy. Deputy Gonia is sued in his individual and official capacities.

13.  At all relevant times, the State of Ohio and the City of Oregon hired, employed, supervised and controlled the individual Defendants.

14.  Defendants Berger and Gonia were, at all relevant times relevant herein, on duty.

15.  Defendants Berger and Gonia were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the State of Ohio and/or City of Oregon and/or as an agent of Maumee Bay State Park, and engaged in the conduct described herein

16.  Defendant, Maumee Bay State Park, as a private entity employed individuals who, at all relevant times herein, and in the past, allowed and/or commanded, and/or instigated the Ranger to come on to the property and act as an agent therein to their facility.

## STATEMENT OF FACTS

17.  On September 17, 2017 Plaintiff, Stephen Biggin, was in attendance at a family wedding at the Maumee Bay State Park Resort.

18.  Shortly before midnight, Plaintiff, Stephen Biggin was attempting to exit the Resort, and to inform the taxi driver, who was waiting outside that his fiancé was also en route to leave the premises.

19.  Before exiting the resort, Plaintiff, Stephen Biggin, was approached by two individuals, now known to be employees of Maumee Bay State Park Resort and someone appearing to be an officer who asked him to quiet down and who questioned his next intended actions.

20.    Plaintiff, Stephen Biggin, stopped at the trash can, answered the questions put to him, and threw away a bottle in the can.

21.    After informing the three individuals of his intention to go out and meet the taxi so he could leave, he was followed by the individual in uniform, now known as Defendant, Ranger Jeremy Berger, asking for Plaintiff, Stephen Biggin's driver's license.

22.    Defendant, Ranger Jeremy Berger, stated in his report that he was there at the Resort on "foot patrol."

23.    Plaintiff, Stephen Biggin, repeatedly inquired as to why it was necessary to see his driver's license, and with no indication from Defendant, Ranger Berger as to why proof of a driver's license was necessary, proceeded to exit the building and walk toward the taxi outside.

24.    According to the report drafted by Defendant, Ranger Jeremy Berger on September 19, 2016, Plaintiff "yelled "fuck you" as he exited."

25.    The Defendant, Ranger Jeremy Berger pursued and continued to forcefully engage the Plaintiff, Stephen Biggin to stop and provide a driver's license as he was attempting to exit and leave.  He followed the Plaintiff, and at this point, called for assistance from the Lucas County Sheriff.

26.    The Defendant, Ranger Jeremy Berger followed Plaintiff, Stephen Biggin, to his taxi cab, continually asking for ID, but without providing any cause or reason.  Plaintiff, Stephen Biggin, advised Defendant, Ranger Jeremy Berger that he believed the request to be an unlawful request and that he believed it to be unnecessary as he was leaving in a taxi cab.

27.    When Plaintiff, Stephen Biggin did not produce the requested document, Defendant, Ranger Jeremy Berger told the driver of the cab that he could not leave to transport the individual, Plaintiff, Stephen Biggin from the premises.  Specifically, Defendant, Ranger Jeremy Berger, advised the taxi driver that he was not allowed to leave.

28.    Due to the demand that the cab not be allowed to leave the premises, Plaintiff Stephen Biggin began to record the incident with his phone, and walk away from the taxi cab.

29.    Lucas County Deputy Sheriff Gonia arrived on the scene, and without any inquiry of either Plaintiff, Stephen Biggin, or Defendant, Ranger Jeremy Berger, Deputy Gonia assisted Defendant, Ranger Jeremy Berger in the physical arrest of Plaintiff, Stephen Biggin.  The Plaintiff was tackled to

the ground and violently manipulated, with no reason or explanation to this point as to why.

30.     Plaintiff, Stephen Biggin's phone was knocked to the ground and his video footage was deleted and/or malfunctioned, as a direct result of the Defendants actions, while they were physically taking down the Plaintiff. This caused the phone to be damaged and/or personal files to be lost.

31.     While taking the Plaintiff, Stephen Biggin to the ground the Defendants pushed his face in to the ground, put a knee in to his neck, and caused the Plaintiff to cry out regarding pain in his shoulder from his arms being pulled back at an irregular angle with excessive force, to put him in cuffs, while he continued to inquire and plead directly to both Defendants to answer why he was being arrested when he had done nothing wrong, as he did not understand why he had to show an ID.

32.     The stalking harassment of Plaintiff, Stephen Biggin by Defendant, Ranger Jeremy Berger and the arrival of Defendant, Deputy Sheriff Gonia who assisted in this brutal takedown of the Plaintiff, Stephen Biggin caused a huge disturbance and drew out, not only his fiancé and future mother in law who was seeing them off, but also many other bystanders.

33.     The Plaintiff, Stephen Biggin, after the process of being violently manipulated to be cuffed, continued to inquire as to why he was being arrested. In addition, those concerned for Plaintiff Stephen Biggin's well-being, who were aware of the huge disturbance and who had arrived on the scene, also inquired as to the reason for his arrest, but were given no reason and were also threatened with arrest should they continue their questioning of the Defendants, Ranger Jeremy Berger and Deputy Gonia.

34.     Plaintiff, Stephen Biggin, was transported to a holding facility, and was treated both obtusely and maliciously whereas he was either ignored and/or talked to in a deomoralizing tone, and with the use of excessive force by, not only the above named Defendants, Ranger Berger and Deputy Gonia, but all members of staff of the Lucas County Jail, none of whom notified the Plaintiff, Stephen Biggin, as to why he was first, arrested, and now being detained.

35.     Plaintiff, Stephen Biggin, was not allowed to make a call for hours after his detention, and was repeatedly ignored as he tried to plead with someone to answer why he was being held without cause.

36.     When Plaintiff, Stephen Biggin was finally put in a holding cell, he thereafter received a slip of paper from under the cell door that stated he was charged with Disorderly Conduct.

37. Plaintiff, Stephen Biggin, was held in jail until posting bond, and thus being released. He was forced to sign for the acceptance of the charges, or as he was advised, would not be released.

38. Plaintiff, Stephen Biggin, was originally charged with Failure to Show Identification, as well as Disorderly Conduct while Intoxicated, Resisting Arrest, and Obstructing Official Business per the Clerk of Court for the Oregon Municipal Court's Bail report dated September 19, 2016.

39. Upon presentation of the complaints to the Prosecutor for the City of Oregon, Failure to Show Identification was not filed as a complaint, leaving the Disorderly Conduct, Resisting, and Obstruction, all filed on September 19, 2016.

40. Subsequently, on September 28, 2016 Plaintiff, Stephen Biggin's picture was posted in the publication, "Buckeyes Behind Bars" with the tag of "Biggin, Stephen Booked 09/18/2016 Oregon Muni Court Disorderly Intoxicated."

41. After many court appearances and the Plaintiff's continued request for Jury Trial, the City of Oregon offered to dismiss the charge of Disorderly Conduct and Obstruction, and to dismiss Resisting "at the call of the Prosecutor," on April 19, 2017.

42. At no time did the Plaintiff, Stephen Biggin, enter an admission of guilt to any charge alleged.

43. Plaintiff, Stephen Biggin, incurred legal and other expenses as a result of the wrongful arrest and wrongful prosecution.

44. At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, and to charge and detain the Plaintiff. Their actions were based on malice and bad faith and were not supported by any reasoning under the law.

45. The conduct of the individual Defendants in restraining, arresting, use of violent force, threatening, and prosecuting the Plaintiff, proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of his constitutional rights. Plaintiff, Stephen Biggin suffered the trauma, debasement, and humiliation as a result of being publicly arrested without any cause, and assaulted, unlawfully imprisoned and maliciously prosecuted.

46.     At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiff's rights and physical and mental well-being by arresting, imprisoning and prosecuting him.

47.     The actions of the individual Defendants were the result of the State of Ohio and/or the City of Oregon's failure to properly train, supervise and discipline its officers, including Defendant, Ranger Berger, and Defendant, Deputy Gonia.

48.     At all relevant times herein, Defendant State of Ohio and/or City of Oregon, acting through the ODNR and the Lucas County Sheriff developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs that allowed the Defendants Ranger Berger and Deputy Gonia to exhibit deliberate indifference to the Plaintiff's constitutional rights and allowed the violation of those same rights.

49.     Furthermore, through the actions of Defendant, Ranger Jeremy Berger, who, while on active duty, exercised "foot patrol" on to the private property of Maumee Bay Park Resort on this date, and/or on previous dates, and upon the staff's encouragement and/or incitement on this date and possibly prior to this date in question, acted to deprive this Plaintiff, Stephen Biggin and other previous patrons and possibly future patrons, to be deprived of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, to act unlawfully and intentionally, willfully, and knowingly execute specific intent to deprive the Plaintiff and/or other individuals of those rights.

50.     As a direct and proximate result of the Defendants acts stated herein, the Plaintiff's constitutional rights have been violated and caused him to suffer physical, mental and emotional injury, pain, mental anguish, suffering, humiliation, and embarrassment.

51.     Plaintiff, Stephen Biggin, also asserts no adequate remedy of law where he and others will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses, specifically here at the private property contained herein, or any other site under the jurisdiction of the Defendants employment as a Ranger of the ODNR or  as a Deputy of the Lucas County Sheriff.

## CAUSES OF ACTION:
## FIRST CLAIM FOR RELIEF
### *42 USC § 1983 and First and Fourteenth Amendments*
### *By Plaintiff Against Defendants Berger and Gonia*

52.     Plaintiff, Stephen Biggin, repeats and realleges by reference paragraphs 1 through 51 as if fully set forth herein.

53.     By the Defendants conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to freedom of speech, assembly and association under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights under the United State Constitution.  The individual Defendants have violated Plaintiff's First Amendment rights to assembly, speech and association by unlawfully denying his right to assemble lawfully in public fora; terminating his lawful assembly; subjecting him to false arrest and illegal excessive force; maliciously prosecuting him to deter the exercise of his First Amendment rights; and interfering with and/or terminating his lawful protected activities of the celebration of an event on private property, to enjoy the celebration and merriment, and the ability to consume beverages containing alcohol while on that property, if chosen, when of the correct age under state law, and to vacate the premises, by choice, via safe transportation.  Defendants' actions were taken in retaliation for the Plaintiff exercising his First Amendment rights.

54.     As a consequence of the individual Defendants' actions, the Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech, assembly and association.  The Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants done for the purpose of limiting and preventing his First Amendment protective activities.

55.     As a direct and proximate result of the individual Defendants' unlawful actions, the Plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. §1983 and Fifth and Fourteenth Amendments
### By Plaintiff against Defendants Berger and Gonia

56.    Plaintiff repeats and realleges by reference paragraphs 1 through 55 as if fully set forth herein.

57.    The acts of the individual Defendants, under color of state law, in arresting the Plaintiff, Stephen Biggin, verbally abusing the Plaintiff, and in physically assaulting the Plaintiff were motivated by the outward appearance of the Plaintiff, and the question of his race, and/or religion, and/or ethnicity, and were undertaken without lawful justification, taken with deliberate indifference to the Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.  Through these actions, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the Unites States Constitution.

58.    As a consequence of the individual Defendants' actions, the Plaintiff has suffered violations of their due process rights under the Fifth and Fourteenth Amendments.  The Plaintiff thus has fear and apprehension that he will again, be subject to similar unlawful acts by Defendants.

59.    As a direct and proximate result of the Defendants' unlawful actions, the Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. §1983 Fourth and Fourteenth Amendments
### By the Plaintiff against Defendants Berger and Gonia

60.    Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

61.   By the Defendants' conduct herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

62.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### *42 U.S.C. §1983 Fourth and Fourteenth Amendments*
### *By the Plaintiff against Defendants Berger and Gonia and Maumee Bay Resort*

63.   Plaintiff repeats and realleges by reference paragraphs 1 through 62 as if fully set forth herein.

64.   By the Defendants' conduct herein, and acting under color of state law and/or at the command or instigation of the owners of private property to conduct unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights under the United States Constitution even where the private property has no knowledge of the law.

65.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### **FOURTH CLAIM FOR RELIEF**
### *42 U.S.C.§1983 and Fourth and Fourteenth Amendments*
### *By Plaintiff against Defendants Berger and Gonia*

66.   Plaintiff repeats and re-alleges by reference paragraphs 1 through 66 as if fully set forth herein.

67.   Defendants, by their conduct described herein, and acting under color of state law to deprive the Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42

U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

68.     As a direct and proximate result of Defendants' unlawful actions, the Plaintiff has suffered, and will continue to suffer, damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FIFTH CLAIM FOR RELIEF
### *42 U.S.C.§1983 and Fourth and Fourteenth Amendments*
### *By Plaintiff against Defendants Berger and Gonia*

69.     Plaintiff repeats and re-alleges by reference paragraphs 1 through 68 as if fully set forth herein.

70.     Defendants, by their conduct, as described herein, and acting under color of state law, are liable to the Plaintiff under 42 U.S.C. §1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

71.     Defendants' unlawful actions were done willfully, knowingly, with malice, and with the specific intent to deprive the Plaintiff of his constitutional rights.  The prosecution by Defendants of the Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecution, which were resolved in the Plaintiff's favor.

72.     As a direct and proximate result of Defendants' unlawful actions, the Plaintiff has suffered, and will continue to suffer, damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SIXTH CLAIM FOR RELIEF
### *42 U.S.C.§1983 and Fourth and Fourteenth Amendments*
### *By Plaintiff against Defendants Berger and Gonia*

73.     Plaintiff repeats and re-alleges by reference paragraphs 1 through 72 as if fully set forth herein.

74.     Defendants, by their conduct, as described herein, and acting under color of state law, are liable to the Plaintiff under 42 U.S.C. §1983 for the violation, of his constitutional right to be free from any deprivation of

liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

75.    As a direct and proximate result of Defendants' unlawful actions, the Plaintiff has suffered, and will continue to suffer, damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SEVENTH CLAIM FOR RELIEF
### *42 U.S.C.§1983 Monell Claim*
### *By Plaintiff against Defendants State of Ohio and City of Oregon*

76.    Plaintiff repeats and re-alleges by reference paragraphs 1 through 75 as if fully set forth herein.

77.    At all relevant times herein, Defendant State of Ohio, acting through the ODNR, including the municipal branch of the ODNR located in the City of Oregon, and the City of Oregon, acting through that branch of the ODNR as well as the Lucas County Sheriff, developed implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

78.    Defendants' unlawful actions were done willfully, knowingly, and/or recklessly or with gross negligence and/or the specific intent to deprive the Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution., and based on the Defendants' unlawful actions, a violation was substantially certain to result.

79.    The constitutional abuses and violations by Defendants, through the actions of their policing forces of the ODNR and the Lucas County Sheriff, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendants, including the failure to supervise and train their officers and agents, including the Defendants, Ranger Berger and Deputy Gonia, thereby failing to adequately discourage further constitutional violations on the part of their enforcement team, failing to properly and adequately monitor and discipline its officers/agents, including Defendants, and failing to adequately and properly investigate citizen complaints of officer/agent misconduct, and instead, those acts of misconduct were tolerated.

80. Upon information and belief, Defendant City of Oregon has, by acting through its officers/agents in both the ODNR and Lucas County Sheriff, implemented enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, those individuals who exercise their rights under the First Amendment by engaging in celebratory activities on the private property as described herein, and those individuals who exercise their rights under the First Amendment by questioning the appropriateness and/or legality of an officer/agent's request when it appears unreasonable.

81. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

82. As a direct and proximate result of Defendants' unlawful actions, the Plaintiff has suffered, and will continue to suffer, damages, including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

83. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

## EIGHTH CLAIM FOR RELIEF
### *Article 1, Section 2 of the Ohio State Constitution*

84. Plaintiff repeats and re-alleges by reference paragraphs 1 through 83 as if fully set forth herein.

85. The acts of Defendants, acting under color of law, in arresting Plaintiffs and in physically assaulting the Plaintiff was motivated by race, and/or religion, and/or ethnicity due to outward appearance and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his constitutional rights to equal protection as guaranteed by Article I, Section 2 of the Constitution of the State of Ohio.

86. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to the Plaintiff and violated his rights as guaranteed by the Constitution of the State of Ohio.

## NINTH CLAIM FOR RELIEF
### *Article 1, Section 14 of the Ohio State Constitution*

87. Plaintiff repeats and re-alleges by reference paragraphs 1 through 86 as if fully set forth herein.

88. The acts of the Defendants, acting under color of law, in subjecting the Plaintiff to unlawful search and seizure, arrest and excessive force by physically assaulting the Plaintiff was done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering, to the Plaintiff in violation of his constitutional rights as guaranteed by Article I, Section 14 of the Constitution of the State of Ohio.

89. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to the Plaintiff and violated his rights as guaranteed by the Constitution of the State of Ohio.

## TENTH CLAIM FOR RELIEF
### *Malicious Prosecution*

90. Plaintiff repeats and re-alleges by reference paragraphs 1 through 89 as if fully set forth herein.

91. Defendants, by their conduct described herein, are liable to the Plaintiff for having committed malicious prosecution under the laws of the State of Ohio.

92. Defendants, with malice, commenced criminal proceedings against the Plaintiff, charging him, first with Failure to Show Identification, Disorderly Conduct, Obstruction, and Resisting.

93. Defendants falsely and without probable cause charged the Plaintiff with violations.

94. Defendants did not file a complaint as to Failure to Show Identification but continued criminal proceedings against the Plaintiff for Disorderly Conduct, Obstruction, and Resisting, which was malicious and without probable cause.

95. All charges were terminated in the Plaintiff's favor.

96. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of the Plaintiff. Defendant City

of Oregon, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

97. As a direct and proximate result of the misconduct and abuse of authority stated above, the Plaintiff has sustained the damages alleged herein.

## ELEVENTH CLAIM FOR RELIEF
### *Respondeat Superior as to the State of Ohio and City of Oregon and Maumee Bay Resort*

98. Plaintiff repeats and re-alleges by reference paragraphs 1 through 97 as if fully set forth herein.

99. The conduct of Defendants, Ranger Berger and Deputy Gonia occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions through ODNR and the Lucas County Sheriff, and while they were acting as agents and employees of the Defendant State of Ohio and/or City of Oregon and/or as an employee of the Maumee Bay Resort whereas the officers were commanded or instigated by Maumee Bay Resort and/or its' agents, or employees.

100. Defendants under color of state law should only enter on to private lands if the officer has good cause to believe and/or does believe the law is being violated, and is acting maliciously or with no cause by conducting "foot patrol" on private property, and/or is doing patrol on private property at the direction of either ODNR and/or the City of Oregon, and/or the Maumee Bay Resort.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1)Judgment that the Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Plaintiff's rights under the Ohio Constitution in the manners alleged herein, upon the consideration of the evidence adduced at trial, or otherwise;

2)Injunctive relief requiring Defendants possessing any arrest information arising from the actions complained of herein, and shall collect and deliver to the Plaintiff all such records and seal said records;

3)Injunctive relief enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

4)An award to Plaintiff of compensatory damages against the Defendants, including, but not limited to any emotional distress, recompensable costs related to the Plaintiff's criminal defense, and any other compensatory damages as permitted by law;

5)An award of punitive damages to the Plaintiff;

6)An award of attorney fees to the Plaintiff;

7)An award of costs to the Plaintiff;

8)An award of any further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Respectfully submitted,

Jaime L. Agnew, Esq. (0081919)
*AGNEW Law Office, LLC*
1144 S. Detroit, #140215
Toledo, OH 43614
Telephone:  (419) 944-0880
Email:  jaimeagnew21@gmail.com

Attorney for Plaintiff Stephen Biggin

**JURY DEMAND**

Plaintiff hereby demands that all issues contained in the Complaint which are able to be tried before a jury, be so tried.

Jaime L. Agnew, Esq.  (0081919)
*AGNEW Law Office, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon the following via First

Class U.S. mail, postage prepaid, this ___17th___ day of October, 2017.

State of Ohio
Department of Natural Resources
2045 Morse Rd.
Columbus, Ohio 43299-6693

City of Oregon,
Department of Natural Resources
1400 State Park Rd.
Oregon, Ohio 43616

Lucas County Sheriff's Office
1622 Spielbusch Ave.
Toledo, OH 43606

Maumee Bay State Park
c/o Aaron P. Bradford, Esq.
2701 Lawrence St., Ste 104
Denver, Colorado 80205